OPINION OF THE COURT
Robert F. Doran, J.
This CPLR article 78 petition seeks a review and a reversal, *680 upon the law and the facts, of the determination of the New York State Tax Commission denying a claim for refund of corporation franchise tax under Tax Law article 9-A for the fiscal year ended April 30, 1976 in the sum of $16,813.17.
The issue before this court is whether, for purposes of computing petitioner’s franchise tax liability under Tax Law article 9-A, the proper starting point is Federal taxable income or investment company taxable income. There appears to be no dispute as to the facts as found by the State Tax Commission in its determination. The petition seeks, in the alternative, a transfer of the matter to the Appellate Division. The court denies the transfer, since the issue does not depend upon considerations of substantial evidence but, rather, upon an interpretation of the Tax Law.
Petitioner was registered as an investment company under the Investment Company Act of 1940, as amended (15 USC §§ 80a-l — 80b-2) at all times during the taxable year ended April 30, 1976 and filed its Federal income tax return as a regulated investment company for that taxable year. In that Federal tax return, petitioner claimed a $4,138,382.24 deduction for dividends paid to shareholders and reported zero "taxable income” for said year. Petitioner also filed its New York State corporation franchise tax return for the taxable year ended April 30, 1976, in which the dividends paid to shareholders were not deducted in the determination of Federal taxable income used in the computation of entire net income. The result was the payment of a corporation franchise tax of $23,536.84.
On July 11, 1979, petitioner filed a claim for refund of that 1976 corporation franchise tax on the basis that its Federal taxable income was zero, and, as a result, petitioner claims it is subject only to the alternative corporation franchise tax based upon the value of its capital allocated to New York State. Under the alternative tax, petitioner claims it is entitled to a $16,813.17 refund.
Petitioner’s contention is that investment company taxable income as determined under the Federal income tax law is petitioner’s "entire taxable income which the taxpayer is required to report to the United States treasury department” within the meaning of Tax Law § 208 (9).
Tax Law § 208 (9) provides in pertinent part as follows:
"9. The term 'entire net income’ means total net income from all sources, which shall be presumably the same as the *681 entire taxable income which the taxpayer is required to report to the United States treasury department, or which the taxpayer would have been required to report, if it had not made an election under subchapter s of chapter one of the internal revenue code, except as hereinafter provided, and subject to any modification required by paragraphs (d) and (e) of subdivision three of section two hundred ten of this article * * *
"(b) Entire net income shall be determined without the exclusion, deduction or credit of:
"(1) the amount of any specific exemption or credit allowed in any law of the United States imposing any tax on or measured by the income of corporations”.
Petitioner argues that, once a regulated investment company elects to be taxed as such in a prior year, such company is required under the Federal income tax law to compute its taxable income under the provisions of Internal Revenue Code § 852 (b) (2) (26 USC) and would not be permitted to compute its taxable income under any other section of the code.
Internal Revenue Code § 852 (b) (2) (26 USC) provides as follows:
"(2) Investment company taxable income. — The investment company taxable income shall be the taxable income of the regulated investment company adjusted as follows:
"(A) There shall be excluded the excess, if any, of the net long-term capital gain over the net short-term capital loss.
"(B) The net operating loss deduction provided in section 172 shall not be allowed.
"(C) The deductions for corporations provided in part VIII (except section 248) in subchapter B (section 241 and following, relating to the deduction for dividends received, etc.) shall not be allowed.
"(D) The deduction for dividends paid (as defined in section 561) shall be allowed, but shall be computed without regard to capital gains dividends.
"(E) The taxable income shall be computed without regard to section 443 (b) (relating to computation of tax on change of annual accounting period).”
Respondent argues that, in addition to Tax Law § 208 (9) being applicable, section 3.11 of Regulations of Department of Taxation and Finance (20 NYCRR), promulgated on March 14, 1962 and in effect for tax years commencing before January 1, 1976, should be applied and is valid. The pertinent part of that regulation provided as follows:
*682 "Definition of entire net income (Tax Law, 208, subd. 9). (a) Entire net income means total net income from all sources, and is presumed to be the same as the taxable income which the taxpayer is required to report to the United States Treasury Department for purposes of the Federal income tax imposed by chapter 1 of the Internal Revenue Code * * * However, neither the taxable income actually reported nor the taxable income actually determined for Federal income tax purposes is necessarily the same as the taxable income required to be reported for Federal income tax purposes under the provisions of the Internal Revenue Code. Ordinarily the determination of the Commissioner of Internal Revenue is followed, but it is not binding on the State Tax Commission.
"(b). Federal taxable income is the starting point in the computation of entire net income. This means taxable income as defined in section 63 of the Internal Revenue Code, not any special type of taxable income such as 'investment company taxable income’ or 'real estate investment trust taxable income’.”
Also 20 NYCRR 3-2.2, filed August 31, 1976 and effective for all taxable years beginning on or after January 1, 1976, provided, in relevant part, as follows:
"Definition of entire net income [Tax Law, § 208 (9)] (a) Entire net income means total net income from all sources. It is presumed to be the same as the taxable income which the taxpayer is required to report to the United States Treasury Department for purposes of the Federal income tax imposed by chapter one of the Internal Revenue Code, or which the taxpayer would have been required to report if it had not made an election under subchapter S of chapter one of the Internal Revenue Code. Federal taxable income is subject to the adjustments, deductions and modifications provided in this Subpart. However, the income actually reported or the income actually determined for Federal income tax purposes is not necessarily the same as the taxable income which should have been reported for Federal income tax purposes under the provisions of the Internal Revenue Code. Ordinarily the determination of the Commissioner of Internal Revenue as to Federal taxable income is followed, but it is not binding on the Tax Commission.
"(b) 'Federal taxable income’ is the starting point in computing entire net income. Federal taxable income means taxable income as defined in section 63 of the Internal Revenue Code *683 and does not mean investment company taxable income as defined in section 852 of the Internal Revenue Code.”
Finally, Internal Revenue Code, subtitle A, chapter 1, sub-chapter B, part 1, section 63 (a) defines taxable income of corporations as follows: "(a) Corporations. For purposes of this subtitle, in the case of a corporation, the term 'taxable income’ means gross income minus the deductions allowed by this chapter.”
Chapter 1 includes the provisions of Internal Revenue Code § 852 (b) (2) (D).
Petitioner is on a fiscal-year basis of May 1 through April 30.
Having reviewed the appropriate statutes and the voluminous papers submitted in connection with this application, the court concurs with the contention of petitioner. The identical issues involved in this case are involved in approximately 100 other cases pending in the Hearings Bureau of the Department of Taxation and Finance of the State Tax Commission. Counsel for those taxpayers have agreed with respondent that the final decision in this case will be controlling as to the other cases. The provision of Internal Revenue Code § 852 (b) (2) (D) governs as to the taxable income of the regulated investment company as adjusted, and, in the court’s opinion, that adjusted Federal taxable income is "the entire taxable income which the taxpayer is required to report to the United States treasury department” within the meaning of Tax Law § 208 (9).
In so holding, the court declares section 3.11 of Regulations of Department of Taxation and Finance with respect to the franchise tax on business corporations, promulgated on March 14, 1962 and in effect for tax years commencing before January 1, 1976, invalid and contrary to the plain meaning of Tax Law § 208 (9). (The Tax Commission and the parties all cite 20 NYCRR 3-2.2 [b]; however, that regulation is not applicable to this case because the only tax year before the court commenced on May 1, 1975 and 20 NYCRR 3-2.2 [b] applies only to tax years commencing on or after January 1, 1976.)
The court also holds that none of the modifications of the Federal "taxable income” in the computation of "entire net income” as provided in Tax Law § 208 (9) (a) and (b) and § 210 (3) (d) and (e) applies to the deduction allowed for dividends paid to shareholders of petitioner. Thus, no modification is to be made for such deduction in computing "entire net income”.
*684 The modification specified in Tax Law § 208 (9) (b) (1) does not require petitioner to add to Federal "taxable income” the deduction taken for dividends paid to shareholders. That section provides that "entire net income” shall be determined without the exclusion, deduction or credit of "the amount of any specific exemption or credit allowed in any law of the United States imposing any tax on or measured by the income of corporations”. The deduction allowed to petitioner for dividends paid to shareholders in computing Federal "taxable income” is a "deduction” from gross income; it is neither an "exemption” nor a "credit”.
Under the Internal Revenue Code (26 USC § 1 et seq.) an "exemption” is an exclusion[1] of an item from gross income (e.g., Internal Revenue Code §§ 101-134 [26 USC]).[2] A "credit” is an amount which is an offset against the Federal income tax that would otherwise be due (e.g., Internal Revenue Code §§21-41 [26 USC]). On the other hand, a "deduction” is an item which is deducted from gross income in determining the "taxable income” upon which the Federal income tax is computed. Since the deduction for dividends paid to shareholders is a deduction from gross income in computing "taxable income” and is neither an exclusion from gross income nor a credit against the tax, the modification provided in Tax Law § 208 (9) (b) (1) is inapplicable.
Respondent is obviously aware that a "deduction” is neither a "credit” nor an "exclusion”; otherwise, the 1975 amendment to Tax Law § 208 (9) (b) (3) (L 1975, ch 895, § 2) would have been unnecessary. Under Internal Revenue Code § 275 (a) (4) (26 USC), a taxpayer may elect either (i) to claim a deduction under Internal Revenue Code § 164 (26 USC) for income taxes paid either to a possession of the United States or to a foreign country or (ii) to claim a credit for such taxes under Internal Revenue Code § 27 (26 USC), as provided in Internal Revenue Code § 901 (26 USC). Accordingly, a taxpayer which claimed a deduction for such taxes could then take a deduction therefor in determining Federal "taxable income” for purposes of *685 computing "entire net income”, since the modification provided for in Tax Law § 208 (9) (b) (1) is limited to "exemptions” or "credits” and does not apply to "deductions”. In 1975, Tax Law § 208 (9) (b) (3) was amended to correct this anomalous situation by extending the modification for income taxes paid to the United States to include also income taxes paid to a possession of the United States or to a foreign country.
The significance of this amendment of the Tax Law is that it shows that both the State Legislature and respondent recognize that the term "deduction” is not synonymous with either of the terms "credit” or "exclusion” and that the modification provided in Tax Law § 208 (9) (b) (3) does not apply to "deductions” allowed in the determination of Federal "taxable income”.
The court also notes that the Internal Revenue Service has ruled, in a private letter ruling (No. 8335074, dated May 31, 1983, CCH, IRS Letter Ruling Report No. 340), that the deduction for dividends paid allowed under Internal Revenue Code § 852 (b) (2) (D) (26 USC) should be shown as an "other deduction” (line 26) on the United States corporation income tax return (form 1120), which is deductible in arriving at "taxable income before special deductions” shown on line 28 of such return.
Respondent, in its answer to the petition for a formal hearing, stated that the Federal "taxable income” which is the starting point for computing "entire net income” is that which is shown on line 28 of the Federal income tax return.
In 1979, the Legislature amended Tax Law § 209 (7) to provide that regulated investment companies would, effective for taxable years beginning on and after January 1, 1980, be subject only to the tax provided by Tax Law § 210 (1) (a) (4) (the minimum tax of $250 per year) if they distributed all of their income to their shareholders. At the time this amendment of the Tax Law was enacted, certain regulated investment companies such as petitioner had already filed claims for refund of the franchise tax attributable to the computation of "entire net income” based on the Federal "taxable income” reported to the United States Treasury Department. This amendment did not change the wording of Tax Law § 208 (9) which defines "entire net income”. By the amendment, the Legislature intended to relieve such companies from the franchise taxes based on income, capital and the alternative tax *686 based on income plus officers’ compensation for periods commencing on and after January 1, 1980.
The facts in this case are precisely on point with Haggar Co. v Helvering (308 US 389). In that case, Congress amended the Internal Revenue Code so as to preclude an administrative interpretation which had previously been made, and the Legislature did not indicate that such amendment was to be made retroactive. The United States Supreme Court held that the silence of Congress as to the retroactive effect of the amendment was to be construed as an intention to permit the court to rule on such interpretation prior to the amendment and that the amendment was not to be construed as giving legislative sanction to such interpretation. The court stated (at 399-400): "It must be assumed that Congress was aware through its committees of the change in the regulations which in 1936 had construed the statute as precluding an effective declaration in a timely amended return, and of the litigation then pending in this case and in Glenn v. Oertel Co., supra, in which the departmental construction had been challenged as 'unduly restrictive.’ In the face of the legislative expression of dissatisfaction with the earlier statute as construed, Congressional purpose to declare that such was the intended meaning is not to be inferred merely from the fact that the amendment providing for the future said nothing as to the past. If we are to draw inferences it would seem as probable that Congress was content to leave the problems of the past to be solved by the courts where they were then pending, rather than to preclude their solution there. Action so ambiguous in its implications as to the past is wanting in that certainty and evident purpose which would justify its acceptance as a legislative declaration of what an earlier Congress had intended rather than an effort to make clear that which had been rendered dubious by unwarranted administrative construction. ” (Emphasis added.)
In Werner v United States (264 F2d 489, 492), this principle was again stated: "This provision [the legislation] is not retroactive and, of course, cannot be utilized to determine taxpayer’s rights in 1948. Because it was not made retroactive, however, the government professes to discern the approval of the regulation. There is no merit in this thought.”
The fact that the regulation involved herein had been in existence for a number of years does not give it legitimacy. In Matter of Hellerstein v Assessor of Town of Islip (37 NY2d 1, 10), the court, after finding that the tax assessors had been *687 incorrectly applying the law for over 200 years, stated: "Thus, in this case, the 'practical construction’ is nothing more than a violation, which, no matter how persistent, widespread and uncorrected, cannot alter the meaning of the statute”.
The 1979 amendment did not change the definition of "entire net income” as contained in Tax Law § 208 (9). Such amendment did change the basis on which regulated investment companies were subject to tax under the Tax Law. No inference can be drawn therefrom in construing the provisions of a section of the Tax Law which was not amended. Moreover, the fact that the regulation involved herein has been in effect for many years does not make it correct.
For the reasons set forth herein, the determination of respondent is reversed, with costs, and petitioner’s claim for refund is allowed in full, together with interest as provided by law. The deposit of $250 for costs is also to be refunded, together with interest.

. Under the Federal income tax law, the words "exemption” and "exclusion” are synonymous. For example, in Internal Revenue Code § 103 (26 USC), interest on certain governmental obligations is excluded from gross income, and in Internal Revenue Code § 265 (a) (2) (26 USC), such excluded interest is referred to as "tax-exempt interest”.

. Since Tax Law § 208 (9) (b) (1) refers to "exemption” or "credit” allowed by any law of the United States, such terms are, accordingly, to be defined by the laws of the United States.