**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Michael SHAPIRO and Rae Shapiro, Respondents.**

**No. 12789.**

United States Court of Appeals
Seventh Circuit.
June 3, 1960.

---

Charles K. Rice, Asst. Atty. Gen., Abbott M. Sellers, Lee A. Jackson, I. Henry Kutz, Melvin L. Lebow, Attorneys, Department of Justice, Washington, D. C., for petitioner.

A. L. Skolnik, Milwaukee, Wis., for respondent.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and MERCER, District Judge.

HASTINGS, Chief Judge.

The Commissioner of Internal Revenue here petitions for review of a decision of the Tax Court of the United States which granted certain income tax deductions to respondents Michael Shapiro and his wife, Rae Shapiro. The deductions concerned legal expenses arising from the successful defense of a criminal tax evasion charge brought against Rae Shapiro. This appears to be a case of first impression in a court of appeals.

The facts pertinent to this review are not in dispute. As revealed by the record, they may be summarized as follows: Rae Shapiro filed federal income and victory tax returns for the years 1941 through 1944, including therein the income from the business she conducted under the name of "Shapiro's." An investigation of these returns resulted in the Commissioner's determination in December, 1946, that the returns were incorrect; and he assessed a deficiency and an addition to the tax for fraud. Rae Shapiro filed a petition with the Tax Court for a redetermination of her liabilities; and subsequently, a substantial jeopardy assessment was levied.

In 1950, a criminal indictment was returned against Michael and Rae Shapiro, charging that they attempted· to evade the applicable tax by Rae's filing fraudulent returns in 1943 and 1944. Both defendants pleaded not guilty to this charge. In November, 1951, Michael entered a plea of *nolo contendere* to the charge relating to 1944 and was adjudged guilty and sentenced. The court dismissed the indictment as to Rae.[1] Subsequently, the civil case before the Tax Court involving tax liabilities for the years 1941 to 1944 was settled by compromise in 1955.

From 1948 through 1952 Michael and Rae employed and paid large sums to several attorneys and accountants to adjust their tax liability in the civil case and also to defend them in the criminal actions. The Shapiros claimed deductions for most of these fees in their tax returns for those years. The Commissioner agreed that all fees expended in the civil case were deductible but disagreed as to the amount. Further, he contended that, as a matter of public policy, none of the expense in connection with the defense of the criminal cases was deductible.

The Tax Court allocated the claimed deductions of legal fees to the civil tax case, the defense of Michael, the defense of Rae, and to other unexplained deductions. It granted deductions for all legal expenses in the civil suit and for the successful defense of Rae and disallowed the unexplained expenses and those in the unsuccessful defense of Michael. A petition was filed by the Commissioner to review the granting of the deductions for expenses incurred in the defense of the criminal action against Rae, and that is the sole issue before us. Michael Shapiro is a party here only because he filed joint returns with Rae during the taxable years in question.

The Tax Court allowed a deduction for Rae's legal expenses in the criminal ac-

---

1. The Commissioner does not differentiate the issue before us (a successful criminal defense arising from the dismissal of the indictment) from an acquittal on the merits.

tion as a business expense. It found that the income reported on Rae's tax returns for 1943 and 1944 came from a business operated by her as a sole proprietorship, income which had to be reported on individual or joint returns. The court said, "The litigation concerned business income and the costs of such litigation are business expenses and are deductible except where a conviction results and public policy denies the deduction." The critical element in the Tax Court's analysis is that the *source* of income reported is from taxpayer's business.

The Commissioner's position here is primarily that the expense of defending a criminal tax charge is "personal" in any case and therefore non-deductible; and, in the alternative, if certain legal expenses are deductible, only those expenses relating to cases which directly affect taxpayer's business meet the test of "ordinary and necessary" expenses. The Commissioner argues that the Tax Court must find that the acts charged as criminal were business acts and that in this case such requisite finding was not made.

We agree with the Tax Court's result that the deduction in question should be granted, but we allow the deduction on more broad grounds than those of the Tax Court.

The disposition of this case is governed by Sections 23 and 24 of the Internal Revenue Code of 1939, 26 U.S.C.A., and the appropriate regulations relating thereto. Section 23, Deductions from Gross Income, states in part:

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business,

including a reasonable allowance for salaries or other compensation for personal services actually rendered;
* * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

Section 24(a) (1), Items Not Deductible, disallows deductions for:

"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x); * * * * "

The proper deduction of legal expenses has presented a continuing problem to the Commissioner and the courts for many years.[2] An examination of relevant cases reveals the following decisional pattern. Generally, the legal expenses for which deductions are claimed fall into two categories—expenses arising from non-tax litigation and those arising from tax litigation. Deductions are claimed as business or non-business expenses.[3]

In the first category, non-tax litigation, the test of deductibility as a business expense has been defined in terms of proximate cause. That is, whether the taxpayer brings an action or defends it, the analysis proceeds in terms of the relationship of the particular lawsuit to the business of the taxpayer. Kornhauser v. United States, 1928, 276 U.S. 145, 152–153, 48 S.Ct. 219, 72 L.Ed. 505. If the trier of fact finds that the litigation is not directly connected with the business of the taxpayer, then the expense is a non-deductible personal item. As ex-

2. See generally, Brooks, Litigation Expenses and the Income Tax, 12 Tax L. Rev. 241 (1956); McDonald, Deduction of Attorneys' Fees, 103 U.Pa.L.Rev. 168 (1954). See text and cases collected in 4 Mertens, Law of Federal Income Taxation, § 25 A. 10, § 25.50, § 25.54, and § 25.57; CCH 1960 Stand.Fed.Tax Rep. ¶ 1348.4615 and ¶ 2006.384.

3. Under the 1954 Code, deductions are allowed "in connection with the determination, collection, or refund of any tax." 26 U.S.C.A. § 212(3). In 1952, the Supreme Court had held that expenses in contesting gift tax liability were not within the scope of Section 23(a) (2). Lykes v. United States, 1952, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791.

amples, suits involving slander,[4] criminal assault,[5] conspiracy to obstruct justice [6] and incompetency proceedings [7] can all be rationalized in terms of proximate cause. Similar cases have arisen where deductions are claimed as non-business expenses for the production of income or maintenance and conservation of income producing property.[8]

Additionally, on the grounds of "public policy," courts have denied deductions in non-tax cases for legal expenses arising from unsuccessful defenses in criminal cases.[9] The Supreme Court, however, allowed a deduction for legal expenses in an unsuccessful defense of a civil fraud order brought by the Post Office Department, where the effect of the order was to curtail the taxpayer's mail order business. Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171.

In the category of legal expenses arising from tax litigation, the element of proximate cause is of less importance. A regulation promulgated under the 1939 Code stated that "[e]xpenses paid or incurred by an individual in the determination of liability for taxes upon his income are deductible." [10] The 1954 Code expanded this deduction to ordinary and necessary expenses in the determination of any tax. 26 U.S.C.A. § 212(3). In civil suits to determine taxpayer's liability, deductions for legal expenses have been allowed,[11] whether the civil case is a taxpayer's suit for recovery of an overpayment,[12] resisting a deficiency successfully [13] or unsuccessfully,[14] the compro-

4. Lloyd v. Commissioner of Internal Revenue, 7 Cir., 1932, 55 F.2d 842. The taxpayer here brought and won a suit for a slander made at a trade association convention. This court denied his requested business deductions for attorney fees, holding that a slander action is a personal injury and that his corporation neither profited nor lost by the suit. But cf. Commissioner of Int. Rev. v. People's-Pittsburgh Trust Co., 3 Cir., 1932, 60 F.2d 187.

5. John W. Clark, 1958, 30 T.C. 1330 (prosecutor withdrew warrant in criminal case; business deduction allowed). Cf. Pantages Theatre Co. v. Welch, 9 Cir., 1934, 71 F.2d 68 (rape charge against president of corporation which paid for defense fees; corporate business deduction disallowed).

6. Morgan S. Kaufman, 1949, 12 T.C. 1114 (successful defense to charge of conspiracy to obstruct justice, the charge directly resulting from taxpayer's practice of law; deduction allowed).

7. Lewis v. Commissioner of Internal Revenue, 2 Cir., 1958, 253 F.2d 821 (author defended himself against incompetency proceedings. Argued that such adjudication would harm sale of his books. Held that, distinguished from the direct attack on taxpayer's business in Commissioner v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, here the charge was not directed at destroying his trade or business, but was directed at the totality of the individual. Denied business deduction.)

8. Trust of Bingham v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670 (expenses incurred for legal advice as to the proper methods of distributing trust property; held a non-business deduction).

9. Thomas A. Joseph, 1956, 26 T.C. 562 (attorney convicted of felony, jailed, then disbarred; legal expenses in defense not deductible). Cf. National Outdoor Advertising Bureau v. Helvering, 2 Cir., 1937, 89 F.2d 878 (consent decree in Sherman Act action; expenses not deductible).

10. Treas.Reg. 111, § 29.23(a)–15 (1939), as amended, T.D. 5513, 1946–1 Cum.Bull. 61. See 4 Mertens, op. cit. supra note 2, § 25 A. 11, for a discussion of the history and scope of this regulation.

11. In Commissioner of Internal Revenue v. Standing, 4 Cir., 1958, 259 F.2d 450, the issue was whether the admittedly deductible legal expense was a business or non-business expense, a determination which controlled whether the deduction could be taken from gross income in arriving at adjusted gross income or whether it must be taken from adjusted gross income in lieu of the standard deduction. Such an issue is not before the court here.

12. Williams v. McGowan, 2 Cir., 1945, 152 F.2d 570, 162 A.L.R. 1036; Howard E. Cammack, 5 T.C. 467 (1945).

13. Northern Trust Co. v. Campbell, 7 Cir., 1954, 211 F.2d 251 (deficiency

14. See note 14 on page 560.

mise of charges giving rise to liability for criminal and civil fraud,[15] or in attempts to determine and settle tax liability prior to an indictment and conviction for criminal fraud.[16] Thus broad deductions are allowed for reasonable attorney's fees in civil tax litigation.

Cases involving expenses arising from criminal tax charges complete the pattern. In three cases where taxpayer was convicted, deductions for legal expenses were denied, either on the basis of "public policy"[17] or on the theory that the tax suit related directly to taxpayer's personal misconduct.[18] In one case in which the defendant was acquitted, the court granted a deduction, rejecting the argument that the legal expenses were personal, and holding that they were necessary and deductible because "a criminal quality was attributed to acts which were performed by the taxpayer in carrying on his trade or business."[19]

In surveying the pattern of cases, we conclude that there is no essential difference between legal expenses arising in civil and criminal tax cases. Noting that deductions are granted freely for legal expenses arising in contesting civil tax suits, it is proper that a deduction is allowable for similar expenses in criminal suits. Both instances basically involve the "determination" of tax liability referred to in the applicable regulation under the 1939 Code, supra. It logically follows that reasonable legal expenses incident to the determination of income tax liability—whether the litigation be civil or criminal—are deductible expenses under Section 23, subject to proper limitations of "public policy" in unsuccessful criminal defenses.

In the instant case, implicit in the Tax Court's allowance of the deduction is the assumption that the expenses were ordinary and necessary. There was no need here explicitly to so find. Parenthetically, it is difficult to conceive of a case in which it would not be ordinary and necessary for a taxpayer defending a criminal tax charge to employ counsel to assist him.

We hold that the legal expenses incurred by the taxpayer in the successful defense of the criminal charge against her were properly deductible in the tax years in question.

The decision of the Tax Court appealed from herein is

Affirmed.

---

charged on estate tax return); Norbert H. Wiesler, 1946, 6 T.C. 1148; Stoddard v. Commissioner of Internal Revenue, 2 Cir., 1945, 152 F.2d 445 (accountant fees).

14. Trust of Bingham v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L. Ed. 1670; James A. Connelly, 1946, 6 T.C. 744.

15. Greene Motor Co., 1945, 5 T.C. 314 (compromise agreement).

16. Commissioner of Internal Revenue v. Schwartz, 5 Cir., 1956, 232 F.2d 94. Cf. Cecil R. Hopkins, 1958, 30 T.C. 1015 (deduction disallowed where found that the primary purpose of legal expenditures was to avoid criminal prosecution in which taxpayer later pleaded guilty). The Court of Appeals has remanded Hopkins to the Tax Court to take additional evidence. CCH 1960 Stand.Fed.Tax Rep. ¶ 9030.

17. Acker v. Commissioner of Internal Revenue, 6 Cir., 1958, 258 F.2d 568 (citing Heininger as authority to deny the deduction).

18. Port v. United States, Ct.Cl.1958, 163 F.Supp. 645; In Richard F. Smith, 1958, 31 T.C. 1, the taxpayer was indicted for evading taxes in five separate years. He was adjudged guilty for two years and acquitted for three. Taxpayer tried to deduct all expenses or at least apportion for those years for which he was acquitted. The Tax Court allowed no deductions at all, stating that the acts charged (knowingly evading taxes) were not directly connected with or normally incidental to the carrying on of taxpayer's business of dentistry. Commissioner makes a similar argument here—that the act of filing a tax return is a personal act.

19. Commissioner of Int. Rev. v. People's-Pittsburgh Trust Co., 3 Cir., 1932, 60 F. 2d 187, 189. However, in that case, the tax returns were not personal returns but those of a corporation which the defendant, as chairman of the board, was required to file.