121 N.J. Super. 577 (1972)
298 A.2d 285
THOMAS, LTD., A LIMITED PARTNERSHIP ASSOCIATION, RESPONDENT,
v.
DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 1972.
Supplemental Material Filed October 18, 25, 1972.
Decided December 20, 1972.
*578 Before Judges LEWIS, CARTON and MINTZ.
Mr. Kenneth F. Yates, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. Walter R. Cohn argued the cause for respondent (Messrs. Cohn and Turk, attorneys).
The opinion of the court was delivered by CARTON, J.A.D.
The issue on this appeal is whether a limited partnership association is subject to the New Jersey Business Corporation Tax Act, N.J.S.A. 54:10A-4(c).
Thomas, Ltd. is a limited partnership association created by a certificate of partnership association filed pursuant to the Limited Partnership Association Act, N.J.S.A. 42:3-1 et seq. The certificate, dated May 8, 1958 and providing for a duration of the association for 20 years, recited that the character of the business to be conducted is "real estate ownership, operation and management."
Thomas started business in May 1958. In October 1961 it acquired title to certain premises in Newark, which it held until December 31, 1965. The association continued to transact business until December 30, 1966, when it no longer held title to any real estate and ceased to operate.
*579 Early in 1969 the Newark Housing Authority was about to acquire the Newark property from a subsequent grantee of Thomas. In connection with the acquisition it caused a franchise tax search to be made as to Thomas, Ltd. When the search disclosed that the Department of the Treasury was asserting a lien for corporate taxes due from Thomas, Ltd., the Housing Authority so informed Thomas. Thomas paid the amount of the lien ($1517.11) in order to secure franchise tax clearance and then filed claim for refund. The Division ruled that the Tax Act did not apply to limited partnership associations and directed that refund be made. The Department has appealed.
The Tax Act imposes a tax upon
* * * any corporation, joint-stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by a certificate of interest or ownership or similar written instrument. [N.J.S.A. 54:10A-4(c); emphasis added]
The Division took the position that the words "or association" as used in the statute lacked any independent significance and must be construed in conjunction with the words "joint stock company" which immediately precede it; that the statute was concerned with specifically described classes of business, and that the Legislature, by designating such categories, evidenced an intention of limiting its application to those so described. On this basis the Division held that limited partnership associations were not subject to the tax imposed by the act.
In our view, this interpretation unduly emphasizes certain phases in the act without giving proper regard to its broader language and underlying purpose of subjecting any entity possessing the essential characteristics of a corporation to the tax. Viewed in this light, the critical issue is whether the inherent characteristics of limited partnership associations are such that they must be considered as corporations within the meaning of the statute.
*580 This approach makes it unnecessary to determine whether the words "or association" should be construed in conjunction with the phrase "joint stock company" or be deemed to have independent significance which encompasses limited partnership associations. Parenthetically, we note that the term "joint stock company" is often used interchangeably with "joint stock corporation." See 46 Am. Jur.2d, Joint Stock Companies, § 1 at 2 (1969); and see Edgeworth v. Wood, 58 N.J.L. 463 (Sup. Ct. 1896).
What are the essential characteristics or attributes of a limited partnership association? A limited partnership association is a sui generis creation of the Legislature (L. 1880, c. 204). N.J.S.A. 42:3-1 et seq. Three other jurisdictions presently have similar enactments: Pennsylvania (Pa. Stat. Ann. 15, § 12701 et seq.), Michigan (Mich. Stat. Ann., § 2091 et seq. M.C.L.A. § 449.201 et seq.), and Ohio (Ohio Rev. Code Ann., § 1783.01 et seq.).
The court in Carle v. Carle Tool & Engineering Co., 36 N.J. Super. 36 (App. Div. 1955), examined the structure of limited partnership associations in some detail and concluded that it was substantially similar to that of a corporation.
This analysis of the statute plainly indicates that an association formed thereunder attains corporateness; it becomes an entity separate and apart from its members. * * * It takes on practically every substantial attribute of a corporation. As an artificial being it is endowed with the capacity of suing and of being sued, of acquiring, holding and conveying property in that character; the members do not act as individuals or as partners but through and in the name of the corporate body; disposal of a member's interest or his death or insolvency does not bring about dissolution. The members do not conduct its affairs as individual partners who in ordinary partnerships have equal rights in the management and conduct thereof * * *. The operations are placed in the hands of three to five managers, and an individual member not a manager cannot bind the association. [36 N.J. Super. at 40]
The legal commentators have also concluded that limited partnership associations have most of the attributes of corporations. Henn, Corporations, §§ 42-48 (1961); Schwartz, *581 "The Limited Partnership Association  An alternative to the corporation for the small business with control problems," 20 Rut. L. Rev. 29 (1965); Note, "A Tax Comparison of the Limited Partnership and the Subchapter S. Corporation," 43 Minn. L. Rev. 964 (1959).
In broad and sweeping terms, our statute imposes a tax upon "any corporation, joint-stock company or association and any business conducted by a trustee or trustees wherein interest or ownership is evidenced by a certificate of interest or ownership or similar written instrument." N.J.S.A. 54:10A-4(c). As we interpret the legislative intent, it is to subject any legal entity having the essential attributes of a corporation to the tax. Since it is difficult to conceive of an entity which more precisely embraces the inherent features of a corporation, it seems clear to us that the Legislature intended to consider such entities as "corporations" within the meaning of N.J.S.A. 54:10A-4(c).
This interpretation finds strong support in Tide Water Pipe Co. v. State Board of Assessors, 57 N.J.L. 516 (Sup. Ct. 1895), aff'd 59 N.J.L. 269 (E. & A. 1896), where a limited partnership association created under a Pennsylvania statute was held subject to corporate tax in New Jersey.
This association exists under legislative authority; it has a name of its own, under which it can hold, own and convey real personal property, transact business, sue and be sued; it can adopt and use a common seal; it can make by-laws and appoint officers for the management of its affairs; its members are not responsible for it [sic] obligations except to the extent of their unpaid subscriptions to its capital; their interest in the association is personal estate, whatever be the nature of the company's property, and can be transferred to strangers without dissolving the association; and the association will continue during the term mentioned in its certificate, unless sooner dissolved by the vote of its members. Purd. Dig., p. 937.
These powers comprise the substance of the general powers of corporations under the laws of Pennsylvania (Purd. Dig., p. 335) and also under the laws of New Jersey (Revision, p. 175).
The association having come into this state to exercise its statutory privileges, it should be deemed a corporation within the meaning of our corporation tax act. Tide Water Pipe Co. v. Berry, 23 Vroom 308. [57 N.J.L. at 518]
*582 This interpretation appears to be supported also by a long-standing administrative practice of subjecting limited partnership associations to such tax. The Division maintains no record of all limited partnership associations as such since no mechanism exists to require county clerks to report the filing of certificates or the existence of such associations. As a result, the Division has no exact figures as to the number of such entities in existence prior to the adoption of the Unincorporated Business Tax Act, N.J.S.A. 54:11B-1, in 1966.
However, it does appear from supplemental material filed by the Department of Law and Public Safety that the existence of some 300 limited partnership associations has come to the attention of the Division during the 12-year period from 1961 to 1972 inclusive. From 1961 through 1965 the Division collected or attempted to collect corporate business taxes from about 200 of such associations each year. After the adoption of the Unincorporated Business Tax Act in 1966, the Division has continued to enforce the yearly corporate business tax against such associations. On the other hand, from June 17, 1966 to date, it has not collected or attempted to collect from such associations taxes imposed by the Unincorporated Business Tax Act.
Thus, it appears that the Division of Taxation has uniformly treated limited partnership associations as corporations both before and after the enactment of the Unincorporated Business Tax Act on June 17, 1966. The existence of such administrative construction is entitled to great weight in interpreting the statute, and particularly where it is supported by prior judicial precedent. Pringle v. N.J. Dept. of Civil Service, 45 N.J. 329 (1965); Lane v. Holderman, 23 N.J. 304, 322 (1957).
The judgment of the Division of Tax Appeals is reversed.