CRABTREE, J.T.C.
Plaintiff seeks review of defendant’s determinations denying plaintiffs élaims for refunds of New Jersey corporation business tax (CBT) for 1987, 1988 and 1989 aggregating $722,543 and assessing additional CBT of $534,798, plus interest and penalty for the years 1985 through 1989. Both parties have moved for summary judgment and, as there are no material facts in dispute, the case is ripe for adjudication.
The only issues remaining are (1) whether plaintiff, having duly elected treatment as a real estate investment trust (REIT) for federal income tax purposes pursuant to section 856 of the Internal Revenue Code for the years 1985 through 1989, may deduct dividends paid to its investors in computing its entire net income for CBT purposes for the years 1987, 1988 and 1989 and (2) whether, having elected to report as a REIT for CBT purposes for 1987, 1988 and 1989 pursuant to N.J.S.A. 54:10A-5(d), plaintiff is required to pay tax on 4% of its entire net income, even if such income is calculated without the deduction for dividends paid to plaintiffs shareholders.[1] (Plaintiff contends that, if such deduction is denied, it may determine its New Jersey tax base in accordance with the three-factor formula of N.J.S.A. 54:10A-6.) The second issue disappears if the first issue is resolved in plaintiffs favor.
Plaintiff is a voluntary association established under Massachusetts law by a Declaration of Trust dated June 24, 1971. Its *16 principal place of business is 305 East 47th Street, New York, New York. Plaintiffs business consists of real estate investments. At all times pertinent hereto plaintiff owned real estate and conducted business in New Jersey.[2]
For the years 1985 through 1989, plaintiff elected to be treated as a REIT for federal income tax purposes. A REIT is a corporation, trust or association which complies with the provisions of sections 856 through 860 of the Internal Revenue Code. Qualifying REITs provide a conduit through which income from equity and mortgage investments in real estate is distributed to investors without the REIT being subject to federal income tax at the entity level. Section 857 of the Code allows a qualifying REIT, in computing its federal taxable income, to deduct dividends paid to its shareholders provided the REIT complies with certain record-keeping requirements and the REIT’s distribution to shareholders satisfy certain minimum distribution requirements. Plaintiff, at all times pertinent hereto, qualified as a REIT for federal income tax purposes.
In filing its New Jersey corporation business tax returns for the years 1985 through 1989, plaintiff originally elected not to be taxed as a REIT for New Jersey tax purposes. Subsequently, plaintiff filed amended CBT returns for 1987, 1988 and 1989 in which it (1) elected under N.J.S.A. 54:10A-5(d) to be taxed as a REIT for CBT purposes and (2) deducted the dividends paid to its shareholders in computing its entire net income for CBT purposes.
By a final determination letter of November 18, 1991 defendant (a) denied the refunds sought on the amended returns and (b) assessed additional tax, interest and penalties for the years 1985 through 1989.
*17 The CBT is assessed on the basis of entire net income.[3] N.J.S.A. 54:10A-5. Entire net income is defined in N.J.S.A. 54:10A-4(k), to the extent pertinent to this proceeding, as follows: “Entire net income" shall mean total income from all sources, whether within or
without the United States____ For the purpose of this act, the amount of a taxpayer’s entire net income shall be deemed prima facie to be equal in amount to the taxable income, before net operating loss deduction and special deductions which the taxpayer is required to report to the United States Treasury Department for the purpose of computing its federal income tax____
(Emphasis supplied)
Plaintiff contends that the deduction for dividends paid to its shareholders is not a special deduction under N.J.S.A. 54:10A-4(k) and, thus, that entire net income for CBT purposes is synonymous with federal taxable income, which is determined after deducting distributions to plaintiffs shareholders pursuant to section 857(b)(2)(B) of the Code.
Defendant argues that the deduction for dividends paid to REIT shareholders authorized by section 857(b)(2)(B) of the Code is a “special deduction” for purposes of N.J.S.A 54:10A-4(k) and thus must be added back to plaintiffs income in determining entire net income for CBT purposes. Defendant argues, further, that federal taxable income, in any event, is calculated before the deduction for dividends paid to shareholders.
Finally, defendant argues that, irrespective of the treatment of dividend distributions, plaintiffs election to be treated as a REIT for CBT purposes pursuant to N.J.S.A. 54:10A-5(d) compels use of the 4% allocation factor set forth in that section in determining plaintiffs New Jersey tax base. Plaintiff responds that, if, notwithstanding the REIT election under N.J.S.A. 54:10A-5(d), the court should conclude that plaintiffs net income is determinable without regard to dividends paid to shareholders, plaintiff is entitled to use the three-part allocation factor of N.J.S.A. 54:10A-6, applicable to regular corporations, in determining its New *18 Jersey tax base. Resolution of the primary issue in plaintiffs favor renders the allocation issue moot.
The resolution of the issues in this case turns upon the definition of two terms of art, both of which are precisely limned in the federal Internal Revenue Code. Those terms are “special deductions” and “taxable income.” While the CBT Act, specifically, N.J.S.A. 54:10A-4(k), defines “entire net income” as prima facie equal in amount to federal taxable income before net operating loss deduction and “special deductions,” neither the CBT Act nor regulations promulgated thereunder purport to define those terms of art.
Both the term “special deductions” and “taxable income” are defined in the federal Internal Revenue Code. Since the New Jersey Legislature borrowed from the operative terminology of the federal Internal Revenue Code in defining the New Jersey tax base of “entire net income” in N.J.S.A 54:10A-4(k), this court may look to the Internal Revenue Code for guidance in defining those critical terms. Galloway Tp. Bd. of Educ. v. Galloway Tp. Ass’n of Educ. Secretaries, 78 N.J. 1, 393 A.2d 207 (1978); GATX Terminals Corp. v. New Jersey Dep’t of Envtl. Protection, 86 N.J. 46, 429 A.2d 355 (1981).
Accordingly, the terms “special deductions” and “taxable income” will be given the same meaning in N.J.S.A 54:10A-4(k) as ascribed to those phrases in the Internal Revenue Code.
“Special deductions” are defined in Subtitle A, Chapter IB, Part VIII of the Internal Revenue Code, specifically in sections 241 through 249. These sections include:
1. dividends received by corporations (section 243);
2. dividends received on certain preferred stock (section 244);
3. dividends received from certain foreign corporations (section 245);
4. dividends received where portfolio stock is debt financed (section 246A);
5. dividends paid on certain preferred stock of public utilities (section 247);
6. organizational expenditures (section 248); and
7. limitation on deduction of bond premium on repurchase (section 249).
The foregoing is a complete list of special deductions allowed to corporations under the Internal Revenue Code. The deduction for *19 dividends paid to shareholders, authorized by section 857(b)(2)(B), is not on the list.
Furthermore, the provisions of the Code dealing with the dividends paid deduction make it clear that the latter is not a “special deduction.” The dividends paid deduction is defined in Code section 561 and is made available to REITs through section 857(b)(2). The latter section defines the term “real estate investment trust taxable income” in the following manner:
(A) The deductions for corporations provided in Part VIII (except section 248) of subchapter B (section 241 and following, relating to the deduction for dividends received etc.) shall not be allowed.
(B) The deduction for dividends paid (as defined in section 561) shall be allowed, but shall be computed without regard to that portion of such deduction which is attributable to the amount excluded under subparagraph (D).
(C) The taxable income shall be computed without regard to section 443(b) (relating to computation of tax on change of annual accounting period).
(D) There shall be excluded an amount equal to net income from foreclosure property.
(E) There shall be excluded an amount equal to the tax imposed by paragraph (5) for the taxable year.
(F) There shall be excluded an amount equal to any net income derived from prohibited transactions.
It will be noted that subsection (A) of section 857(b)(2) quoted above, specifically denies any deduction for “special deductions” for REITs under the Code. However, subsection (B), quoted above, expressly authorizes the dividends paid deduction in computing REIT taxable income under the Code.
In summary, then, a REIT, in calculating its federal taxable income may deduct dividends paid to its investors, but may not take any special deductions, i.e., those deductions enumerated in Code sections 243 through 249. The conclusion is inescapable from the foregoing analysis that the deduction for dividends paid by a REIT to its investors is not a special deduction.
The phrase “taxable income” appears in section 63 of the Code. That section, which is found in Chapter One of the Code, defines taxable income to mean “gross income minus the deductions allowed by this chapter [§§ 1-1399] (other than the standard deduction).” Taxable income is thus accurately and completely *20 calculated only if all of the deductions allowed by Chapter One of the Code are taken into account. Section 857(b)(2)(B) of the Code, which authorizes a REIT to deduct dividends paid to its investors, is included in Chapter One. Thus, under N.J.S.A 54:10A-4(k), taxable income of a REIT is correctly calculated only by including the deduction for dividends paid to its shareholders pursuant to section 857(b)(2)(B). Thus, under the CBT, a REIT calculates its entire net income by including the dividends paid deduction.
This conclusion is reinforced by the analysis of the Internal Revenue Service, the agency charged with construing the federal tax laws, in Rev.Rul. 72-383, 1972-2 C.B. 442. That ruling involved the definition of the term “taxable income” for purposes of the limitations of Code section 904(a) as applied to a regulated investment company (RIC). The tax treatment of a RIC is indistinguishable from that of a REIT, i.e., dividends paid to shareholders are deductible in arriving at taxable income.
The Internal Revenue Service held that the term “taxable income” as used in section 904(a) means “the income upon which the taxpayer bears the burden of Federal income tax.” The Service continued:
With respect to a regulated investment company, the income upon which the taxpayer bears the burden of Federal income tax is the sum of (1) the investment company taxable income, (2) the retained capital gains----
Accordingly, in the instant case, for purposes of the limitations set forth in section 904(a) of the Code, the term “taxable income” means the sum of the investment company taxable income as defined in section 852(b)(2) of the Code, and the excess of capital gains as computed under section 852(b)(3)(A) of the Code----
1972-2 C.B. 442, 443.
Significantly, the term “investment company taxable income” is defined in section 852(b)(2) in a manner identical to the definition of real estate investment trust taxable income found in section 857(b)(2), namely, taxable income after deduction for dividends paid to shareholders. Compare section 852(b)(2)(D) with section 857(b)(2)(B).
The same result has been reached by the courts of New York and New Hampshire. In Dreyfus Special Income Fund, Inc. v. New York State Tax Comm’n, 126 A.D.2d 368, 514 N.Y.S.2d 130 *21 (1987), aff'd 72 N.Y.2d 874, 532 N.Y.S.2d 356, 528 N.E.2d 509 (1988) the New York Appellate Division, citing Rev.Rul. 72-383, held that the taxable income of a RIC was calculated by including the deduction for dividends paid to shareholders and, as taxable income was equated with entire net income under Tax Law § 208(9), the same rule applied for New York corporate franchise tax purposes.
In Bradley Real Estate Trust v. Taylor, 128 N.H. 441, 515 A.2d 1212 (1986), a case involving a REIT, the court held that dividends paid to a REIT’s investors were deductible in the determination of “gross business profits” under the New Hampshire business profits tax statute. The statute equated gross business profits with federal taxable income before net operating loss deduction and special deductions.
Defendant relies on legislative history to support her argument that federal taxable income, for purposes of N.J.S.A 54:10A-4(k), means income before the deduction for dividends paid to shareholders. One looks in vain at the relevant statements accompanying amendments to N.J.S.A. 54:10A-5(d) providing for flat allocations of 25% of entire net income for a RIC and 4% of entire net income for a REIT for any indication that federal taxable income, for purposes of N.J.S.A 54:10A-4(k), must be calculated without adjustment for dividends paid to shareholders. Defendant’s argument in this regard is a non sequitur.
In any event, resort to legislative history is inappropriate where, as here, the statutory language is clear and unambiguous. Velis v. Kardanis, 949 F.2d 78 (3rd Cir.1991); State v. Churchdale Leasing, Inc., 115 N.J. 83, 557 A.2d 277 (1989); Department of Envtl. Protection v. Franklin Tp., 3 N.J.Tax 105, 437 A.2d 353 (Tax 1981), affd o.b. per curiam 5 N.J.Tax 476 (App.Div.1983).
In view of the foregoing, the court concludes that plaintiffs entire net income for the years 1987, 1988 and 1989 must be calculated by deducting the dividends paid to its shareholders. The issue pertaining to the correct allocation factor is moot.
*22 In the light of concessions by both parties on other issues, judgment will be entered pursuant to R. 8:9-3.

 Mutual concessions by the parties have disposed of other issues, except for penalty and interest assessed in connection with the 1989 deficiency. That issue becomes moot if the court decides the main issue in plaintiff's favor.

 REITs, along with all other business entities having the essential attributes of a corporation, have long been taxable as corporations under the New Jersey Corporation Business Tax Act. Thomas, Ltd. v. Department of the Treasury of N.J., 121 N.J.Super. 577, 298 A.2d 285 (App.Div.1972), certif. denied, 62 N.J. 429, 302 A.2d 133 (1973).

 Prior to July 1, 1986, the tax was assessed on the basis of entire net worth as well as entire net income. The net worth tax was phased out and is not applicable to accounting periods beginning on or after July 1, 1986.