132 Nev., Advance Opinion 76

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MDC RESTAURANTS, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
LAGUNA RESTAURANTS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND INKA, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
TIMOTHY C. WILLIAMS, DISTRICT
JUDGE,
Respondents,
  and
PAULETTE DIAZ, AN INDIVIDUAL;
LAWANDA GAIL WILBANKS, AN
INDIVIDUAL; SHANNON OLSZYNSKI,
AN INDIVIDUAL; AND CHARITY
FITZLAFF, AN INDIVIDUAL, ON
BEHALF OF THEMSELVES AND ALL
SIMILARLY SITUATED INDIVIDUALS,
Real Parties in Interest.

No. 68523

**FILED**

OCT 27 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

COLLINS KWAYISI, AN INDIVIDUAL,
Appellant,
vs.
WENDY'S OF LAS VEGAS, INC., AN
OHIO CORPORATION; AND CEDAR
ENTERPRISES, INC., AN OHIO
CORPORATION,
Respondents.

No. 68754

SUPREME COURT
OF
NEVADA

(O) 1947A

2/9/17: Corrected per letter to publishers. CJ

16-33623

THE STATE OF NEVADA, OFFICE OF THE LABOR COMMISSIONER; AND SHANNON CHAMBERS, NEVADA LABOR COMMISSIONER IN HER OFFICIAL CAPACITY,
Appellants,
vs.
CODY C. HANCOCK, AN INDIVIDUAL,
Respondent.

No. 68770

ERIN HANKS,
Appellant,
vs.
BRIAD RESTAURANT GROUP, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY,
Respondent.

No. 68845

Consolidated original petition for a writ of mandamus or prohibition (Docket No. 68523), Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge; certified questions under NRAP 5 (Docket Nos. 68754 and 68845), United States District Court for the District of Nevada; Gloria M. Navarro, Judge; and appeal from a district court injunction (Docket No. 68770), First Judicial District Court, Carson City; James E. Wilson, Judge; concerning Nevada's constitutional minimum wage provision.

*Petition granted (Docket No. 68523); certified questions answered (Docket Nos. 68754 and 68845); and appeal affirmed in part, reversed in part, and remanded (Docket No. 68770).*

Adam Paul Laxalt, Attorney General, Scott Davis, Senior Deputy Attorney General, and Melissa Flatley, Deputy Attorney General, Carson City,
for State of Nevada, Office of the Labor Commissioner and Shannon Chambers.

Littler Mendelson, P.C., and Rick D. Roskelley, Roger L. Grandgenett, II, Montgomery Y. Paek, and Kathryn B. Blakey, Las Vegas,
for Briad Restaurant Group, LLC; Wendy's of Las Vegas, Inc.; and Cedar Enterprises, Inc.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Bradley S. Schrager and Don Springmeyer, Las Vegas,
for Paulette Diaz, Lawanda Gail Wilbanks, Shannon Olszynski, Charity Fitzlaff, and Cody Hancock.

Morris Polich & Purdy, LLP, and Nicholas M. Wieczorek, Deanna L. Forbush, and Jeremy J. Thompson, Las Vegas,
for MDC Restaurants, LLC; Laguna Restaurants, LLC; and Inka, LLC.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Bradley Schrager, Don Springmeyer, and Daniel Bravo, Las Vegas,
for Collins Kwayisi and Erin Hanks.

Jackson Lewis P.C. and Elayna J. Youchah and Steven C. Anderson, Las Vegas,
for Amici Curiae Claim Jumper Acquisition Co., LLC; Landry's, Inc.; Landry's Seafood House–Nevada, Inc.; Landry's Seafood House–Arlington, Inc.; Bubba Gump Shrimp Co. Restaurants, Inc.; Morton's of Chicago/Flamingo Road Corp.; and Bertolini's of Las Vegas, Inc.

Sutton Hague Law Corporation, P.C., and S. Brett Sutton and Charity F. Felts, Reno,
for Amicus Curiae Nevada Restaurant Association.

Fisher & Phillips, LLP, and Mark Ricciardi, Las Vegas, and Joel W. Rice, Chicago, Illinois,
for Amici Curiae Nevada Resort Association and Las Vegas Metropolitan Chamber of Commerce.

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, DOUGLAS, J.:

The Minimum Wage Amendment (MWA) to the Nevada Constitution guarantees a base wage to Nevada workers. Under the MWA, if an employer "provides" health benefits, it may pay its employees a lower minimum wage than if no such health benefits are provided. In these consolidated cases, we address two issues concerning the interpretation of the MWA.

First, we consider whether "provides" means that an employer must "enroll" an employee in a qualifying health benefit plan to pay the lower wage, or if an employer need only "offer" a qualifying health plan. In accord with the plain language of the MWA, we conclude that employers need only offer a qualifying health plan.

We also consider whether the MWA's requirement that health benefit premiums be capped at 10 percent of the employee's gross taxable income "from the employer" allows the employer to include tips in the calculation of taxable income. We conclude that tips are not included.

## BACKGROUND

The MWA guarantees to each Nevada employee a base wage. *See* Nev. Const. art. 15, § 16(A). Effective in 2006, that wage was $5.15 per hour (lower-tier wage) if the employer "provides" health benefits, and

---

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

$6.15 (upper-tier wage) if the employer did not provide health benefits.[2] *Id.* After the MWA was implemented, differing interpretations arose as to what "provides" requires, with some asserting that, to pay the lower rate, the employer must actually enroll employees in a benefits plan, and others arguing that the employer must merely offer benefits to employees. In 2007, the Office of the Labor Commissioner adopted administrative code regulations addressing this question, providing that "[t]o qualify to pay an employee the [lower-tier] minimum wage . . . [t]he employer must *offer* a health insurance plan." NAC 608.102(1) (emphasis added). NAC 608.102(2) further clarifies that "[t]he health insurance plan must be *made available* to the employee and any dependents of the employee." (Emphasis added.)

As to the second issue, the 10-percent premium cap, the MWA states that the employer must provide health benefits "at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer." Nev. Const. art. 15, § 16(A). The Labor Commissioner's construal of this provision states that the 10 percent "includes, without limitation, tips, bonuses or other compensation

---

[2]The MWA contains a clause allowing for the minimum wage to be adjusted by "the amount of increases in the federal minimum wage over $5.15 per hour, or, if greater, by the cumulative increase in the cost of living." Nev. Const. art. 15, § 16(A). The minimum wage is currently $7.25 for employers who provide qualifying health benefits and $8.25 for employers who do not. Office of the Labor Commissioner, *State of Nevada Minimum Wage 2016 Annual Bulletin* (2016), *available at* http://labor.nv.gov/Wages/Minimum_Wage_Bulletins/.

as required for purposes of federal individual income tax." NAC 608.104(2).

The employees in these consolidated cases argue that employers must do more than offer health benefits to be eligible to pay the lower-tier minimum wage; they argue that employers must actually enroll employees in health benefit plans. They further argue that the 10-percent cap does not include tips in its calculation of taxable income.

The parties in these consolidated cases challenge the interpretation of the MWA via writ petition,[3] direct appeal, and certified questions.[4]

## DISCUSSION

*Standard of review*

We review questions of constitutional interpretation de novo. *See Lawrence v. Clark Cty.*, 127 Nev. 390, 393, 254 P.3d 606, 608 (2011).

---

[3]The importance of this issue, the number of people and businesses affected, and the volume of cases currently pending before courts raising similar issues mandate our entertaining this writ petition. *See Cheung v. Eighth Judicial Dist. Court*, 121 Nev. 867, 868-69, 124 P.3d 550, 552 (2005) (noting that a writ "is available to compel the performance of an act that the law requires" when important legal issues need clarification).

[4]In particular, the following question was certified to this court in two federal cases: "Whether an employee must actually enroll in health benefits offered by an employer before the employer may pay that employee at the lower-tier wage under the Minimum Wage Amendment, Nev. Const. art. [15], § 16." We accept this question because it is "determinative of part of the federal case[s], there is no controlling [Nevada] precedent, and the answer will help settle important questions of law." *See Orion Portfolio Servs. 2, LLC v. Cty. of Clark*, 126 Nev. 397, 400, 245 P.3d 527, 530 (2010) (second alteration in original) (internal quotations omitted).

Furthermore, "[w]hen a constitutional provision's language is clear on its face, we will not go beyond that language in determining the voters' intent." *Strickland v. Waymire*, 126 Nev. 230, 234, 235 P.3d 605, 608 (2010) (internal quotation omitted). As to both constitutional interpretation issues raised, we conclude that the language is plain.

*Whether employers must merely offer to employees or actually enroll employees in health benefit plans to compensate employees at the lower-tier wage rate*

### Plain language

Nevada Constitution Article 15, Section 16 states:

> A. Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer.

According to this language, employers need only offer health benefits to pay the lower-tier minimum wage. The applicable definition of "provides" is found within subsection A. First, the minimum wage exception is announced: "[I]f the employer provides health benefits," then the employer may pay the lower-tier minimum wage. In the next sentence, the exception is clarified: "Offering health benefits within the meaning of this section shall consist of making health insurance available

to the employee for the employee and the employee's dependents...." This latter sentence clarifies that "[o]ffering" is sufficient to satisfy the provision. The text treats "provides" and "[o]ffering" as synonyms, and then defines what is meant by "[o]ffering," and by association, what is meant by "provides." In the context of the MWA, both "provides" and "[o]ffering" mean to make available. When the provision is read as a whole, as it must be, S. Nev. Homebuilders Ass'n v. Clark Cty., 121 Nev. 446, 449, 117 P.3d 171, 173 (2005), the meaning is plain. Thus, under the MWA, health benefits need only be offered or made available for the employer to pay the lower-tier wage.

Real parties in interest argue that, rather than defining "provides," the third sentence describes the type and cost of the benefits that *may* permit the employer to pay below the upper-tier hourly wage. However, this argument does not negate the MWA's use of the words "[o]ffering" and "making health insurance available" to describe the health benefit requirements. Furthermore, the argument fails to address the obvious absence of any language that suggests that an employee's enrollment is necessary. Dep't of Taxation v. DaimlerChrysler Servs. N. Am., LLC, 121 Nev. 541, 548, 119 P.3d 135, 139 (2005) ("[O]missions of subject matters from statutory provisions are presumed to have been intentional.").

Real parties in interest urge this court to look outside the MWA for a definition of "provides." They argue that "provide" means "to supply for use," and they propose the following synonyms in support of that position: "deliver," "give," "hand," "hand over," "supply," and "furnish." This argument also lacks merit. Even accepting real parties in interest's definition, neither "supply for use," nor any of the synonyms

SUPREME COURT
OF
NEVADA

(O) 1947A

offered guarantees use. When an individual delivers, gives, hands, hands over, supplies, or even furnishes another with something, acceptance or use is not guaranteed. Moreover, this court need not resort to a dictionary to discover the definition of "provides" as used in the MWA. The definition is plainly presented therein. And "[w]e should not permit the bootstrapping of several broad definitions to unreasonably distort the uncontested facts of a case or defeat a clear [constitutional] directive." *Id.*

*Purpose and policy*

The employees also challenge the administrative code regulations on policy grounds. They argue that if "provides" is interpreted to mean "offer," the purposes and benefits of the amendment are thwarted, as employees would receive neither the low-cost health insurance anticipated, nor the raise in wages its passage promised.

Article 15, Section 16 was approved by the voters through a ballot initiative entitled "Raise the Minimum Wage for Working Nevadans." The stated purpose of that measure was to ensure that "workers who are the backbone of our economy receive fair paychecks that allow them and their families to live above the poverty line." Nevada Ballot Questions 2006, Nevada Secretary of State, Question No. 6, § 2(6). Our conclusion does not detract from this purpose. Under the MWA, employers must either offer qualifying health care coverage or pay a higher wage to better enable workers to afford these types of cost-of-living expenses. *Id.* §§ 2(2) and (3). Thus, the support for workers provided through passage of the MWA simply requires that employees who have the option to receive health benefits take advantage of those rights. In essence, obtaining relief rests with the workers.

*Whether employee tips are counted toward income for purposes of the 10-percent cap on premiums*

Pursuant to the plain language of the MWA, we conclude that employee tips do not count toward taxable income for determining the 10-percent wage cap for premiums. Although the Office of the Nevada Labor Commissioner argues that NAC 608.104(2) complies with the Nevada Constitution and looks to federal income tax law to properly measure an employee's gross "taxable income," this argument is unpersuasive.

"Taxable income" is a term of art when pertaining to federal income taxes, *see, e.g., United States v. Foster Lumber Co.*, 429 U.S. 32, 41 (1976); *Corp. Prop. Inv'rs v. Dir., Div. of Taxation*, 15 N.J. Tax 14, 18 (1994), but the Nevada Constitution qualifies this term as it applies to the cap. In relevant part, Nevada Constitution Article 15, Section 16(A) provides the following: "Offering health benefits . . . shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income *from the employer*." (Emphasis added.) Further, the MWA prohibits employers from counting tips as part of the minimum wages they provide to the employee: "[t]ips or gratuities received by employees shall not be credited as being any part of or offset against the wage rates required by this section." Nev. Const. art. 15, § 16(A). Under the plain language of this constitutional provision, the MWA's 10-percent cost cap can only pertain to compensation and wages paid by the employer to the employee, which necessarily excludes any tips earned by the employee. Accordingly, the district court did not err in determining that the MWA's 10-percent cost

cap on insurance premiums must be computed solely on taxable income from the employer and must exclude tips.

*Retroactivity*

A final contention among the parties is whether our rulings in these cases apply retroactively or should only apply prospectively. Generally, retroactivity "as to choice of law and as to remedy goes without saying." *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 538 (1991). In determining if a new rule of law should not apply retroactively, we consider the three factors established by *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106 (1971), *overruled in part by Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993), and applied by this court in *Breithaupt v. USAA Property & Casualty Insurance Co.*, 110 Nev. 31, 35, 867 P.2d 402, 405 (1994). The first is a threshold matter, without which the analysis need not continue. *Harper*, 509 U.S. at 122 (O'Connor, J., dissenting); Bennett Evan Cooper, *Federal Appellate Practice: Ninth Circuit* § 21:11 (2015-2016 Edition) ("The Ninth Circuit will apply a decision retroactively without further consideration if the first factor is not present."). That is, if the decision does not "establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed," the analysis ends; the decision should apply retroactively. *Chevron*, 404 U.S. at 106 (citations omitted). "The Nevada Constitution is the supreme law of the state . . . ." *Clean Water Coal. v. The M Resort, LLC*, 127 Nev. 301, 309, 255 P.3d 247, 253 (2011) (internal quotation omitted). And as a court, our role is not to create the law but simply to declare what the law is. *See Am. Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167, 201 (1990) (Scalia, J., concurring). Here, our decision interpreting a constitutional provision, the MWA, is

necessarily retroactive to the extent that it is applicable from the date of the MWA's inception, rather than from the date of this decision.

In this case, with regard to whether employers must "offer" or "enroll" employees in health benefit plans to pay the lower-tier wage, our holding is consistent with the Labor Commissioner's promulgations, *see* NAC 608.102 (2007) (providing that an employer must "offer" health benefits), and the language of the MWA is plain: employers need only offer health benefits to pay the lower-tier wage. Thus, we announce no new principle of law as to this issue, and its resolution could clearly have been foreshadowed. Accordingly, retroactivity applies.

As to the issue of whether tips are included in the 10-percent premium cap, although the Labor Commissioner's administrative code regulations contravened the MWA, in deciding this case, we do not overrule any past court precedent. Nor are we resolving an issue of first impression whose resolution was not clearly foreshadowed. The MWA clearly trumps the Labor Commissioner's inconsistent regulations. *We the People Nev. v. Miller*, 124 Nev. 874, 890, 192 P.3d 1166, 1177 (2008) ("[A] statutory provision will not be enforced when to do so would infringe upon rights guaranteed by our state constitution."). Thus, our affirmation of the MWA's clear language was foreseeable. And because we pronounce what the law is, instead of what the law should be, *see Am. Trucking*, 496 U.S. at 201 (Scalia, J., concurring), retroactivity from the time of the MWA's

implementation "goes without saying," *James B. Beam Distilling Co.*, 501 U.S. at 538.[5]

## CONCLUSION

We order the petition granted in *MDC Restaurants, LLC v. Eighth Judicial District Court* (Docket No. 68523), and direct the clerk of this court to issue a writ of mandamus to the district court directing the district court to vacate its partial summary judgment order and hold further proceedings in accordance with this opinion. We conclude that a writ of prohibition is not appropriate here.

We affirm in part, reverse in part, and remand the *State, Office of the Labor Commissioner v. Hancock* appeal (Docket No. 68770). We affirm the district court's determination that tips are not included when calculating the gross income to determine the 10-percent health premium cap on employee's gross taxable income. But we reverse the district court's determination of whether an employer must actually enroll employees in a health benefit plan to pay the lower-tier minimum wage, and determine that our holding that employers need only offer qualifying benefits is retroactive.

---

[5]We note that retroactive application may have other limitations, such as statutes of limitation. However, the parties did not argue this issue. Thus, we do not consider it here.

Lastly, we answer the certified questions for *Hanks v. Briad Restaurant Group, LLC* (Docket No. 68845) and *Kwayisi v. Wendy's of Las Vegas* (Docket No. 68754) consistent with the above analysis.

_____, J.
Douglas

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering