PER CURIAM.
The judgment of the Tax Court is affirmed essentially for the reasons stated in the reportedv opinion of Judge Andrew at 5 N.J.Tax 617 (Tax Ct.1983).
Subsequent to the oral argument in this matter, plaintiff, in a letter brief, directed our attention to Fedders Financial Corp. v. Taxation Div. Dir., 96 N.J. 376, 476 A.2d 741 (1984) and Mobay Chemical Corp. v. Taxation Div. Director, 96 N.J. 407, 476 A.2d 758 (1984) decided by the Supreme Court on June 1, 1984, invalidating in part N.J.A.C. 18:7-4.5(d) in relation to N.J.S.A. 54:10A-4(d), -4(e) and -4(k)(2).
In response, the Director submitted a supplemental brief asserting that
The holding in Mobay and Fedders has voided the stock attribution rules established in N.J.A. C. 18:7—4.5(d). The Court has now required that indebtedness, in order to be classified as taxable, must be secured from the actual 10% or more stockholder of the taxpayer corporation rather than merely from an affiliated company.
The decisions in Mobay and Fedders completely undercut the trial court’s decision and the position maintained by IFF in this appeal that the Director’s stock attribution rules regarding the indebtedness provision fully support IFF’s position in this case.
Judge Andrew did not base his opinion on alleged inconsistencies between N.J.A. C. 18:7-4.5(d) and the Director’s position before the Tax Court, 5 N.J.Tax at 628-629. The trial judge examined the history and purpose of N.J.S.A. 54:10A-4(d) and -4(k)(l), 5 N.J.Tax at 625, the primary meaning of the words of the statute, id. at 629, and the practical sense of the statute to determine legislative intent. Id. at 629-630. He then concluded that plaintiff is entitled to the 100% built-in exclusion from net income pursuant to N.J.S.A. 54:10A-4(k)(l), even though it is the record owner of less than 80% of the stock of the subsidiary, N.J.S.A. 54:10A-4(d), because the remainder of the subsidiary’s stock is owned by another subsidiary which in turn is wholly owned by plaintiff. Ibid.
Where the drafters of a statute did not contemplate a specific situation, the function of the court is to construe the statute consonant with the probable intent of the legislature, *655 had the situation been anticipated. Such an interpretation will not turn on literalisms, technisms or the so-called rules of interpretation; rather it will turn on the breadth of the objectives of the legislation and the common sense of the situation. AMN, Inc. v. So. Bruns. Tp. Rent Leveling Bd., 93 N.J. 518, 525, 476 A.2d 758 (1983).
Affirmed.