PER CURIAM.
This is an appeal from the Tax Court’s decision upholding the Director’s assessment pursuant to the Corporation Business Tax (C.B.T.) Act, N.J.S.A. 54:10A-1 to -40 (the C.B.T. Act). The dispute focuses on the interpretation of I.R.C. § 291(a)(1) and whether the Tax Court correctly interpreted that section to hold the taxpayer liable for additional taxes under the C.B.T. Act.
I
Plaintiff-appellant Nine Franklin Corporation (Nine Franklin) filed a request on July 26, 1990 with the Director, Division of Taxation (Director), for a refund on its fiscal year 1988 C.B.T. Nine Franklin requested a refund in the amount of $1,649.84. In a final determination letter dated September 14, 1989, the Director denied a part of Nine Franklin’s refund claim, asserting that its tax liability was greater than claimed because of the application of I.R.C. § 291.
On November 17,1989 Nine Franklin filed a complaint with the Tax Court contesting the Director’s final determination. The parties filed a stipulation of facts and briefs with the Tax Court. Judge Pizzuto heard oral argument on May 31, 1991 and upheld the Director’s final determination.
II
These are the facts stipulated before the Tax Court. Nine Franklin was incorporated in New Jersey on August 23, 1960. The sole asset of the corporation was a commercial rental property, consisting of a building and land, located in Newark. The building and land were purchased on August 23, 1960 for $60,000 (building $44,000; land $16,000). The building was fully depreciat *124 ed on a straight-line basis over ten years. On November 2, 1987 the shareholders adopted a plan for liquidation of the corporation under I.R.C. § 337, and filed Form 966 with the Internal Revenue Service indicating that the corporation would be dissolved within 12 months.
In June 1988, within the context of an I.R.C. § 337 liquidation, the assets of the corporation were distributed to Vera Goodman, the sole shareholder, as follows:
Cash $190,000.00
Land and Building 195,000.00
($40,000.00 cash and mortgage of $155,000 (fair market value)).
Total Valuation $385,000.00
Vera Goodman sold the building and land on July 1, 1988 for $195,000.
Following the liquidation, Nine Franklin filed its final New Jersey C.B.T. return for the fiscal year September 1,1987 through August 31, 1988. Nine Franklin did not file I.R.S. Form 4797, which reports I.R.C. § 291 gains, with its 1988 Form 4797 or with its final Form 1120 U.S. Corporation Income Tax return. Nine Franklin did not report any recaptured income on line 9 of Schedule A of its C.B.T. return or on line 9 of its Form 1120 U.S. Corporation Income Tax return.
On July 26, 1989 Nine Franklin filed a refund request with the Director seeking a refund of $1,649.84 on its 1988 C.B.T. return. The Director requested and received supplemental materials from Nine Franklin regarding the refund request. By final determination letter dated September 14, 1989, the Director denied $722 of Nine Franklin’s refund request. The Director determined that Nine Franklin erroneously under-reported income by $8,800. The $8,800 represented 20% of the accumulated straight-line depreciation taken on Nine Franklin’s real property which should have been reported on the C.B.T. return. The Director determined, pursuant to I.R.C. § 291, that Nine Franklin was required to recapture 20% of the $44,000 depreciation deductions taken on the property. ($44,000 x 20% = $8,800). The refund was reduced by *125 $722, reflecting an application of the 9% corporation business tax rate applied to the $8,800.
As noted, on appeal Judge Pizzuto upheld the Director’s determination. Judge Pizzuto phrased the issue as “whether nor not section 291 applies to every case where property of the kind described in section 1250 is disposed of or whether it only applies to a more limited category of dispositions of property known as section 1250 property.” Judge Pizzuto accepted the State’s contention that I.R.C. § 291 applies whenever I.R.C. § 1250 property is disposed of and concluded that the property in issue fell within this category. The judge concluded that the Director acted properly by (1) computing a I.R.C. § 291 ordinary income amount for the disposition of the property, (2) applying the 9% corporation income tax to it, and (3) deducting $722 from the refund.
Several conclusions were essential to the judge’s decision. He recognized that the case involves a corporate liquidation as opposed to a corporate sale of property. He felt this was significant because under federal tax law a corporation does not recognize taxable gain after a distribution of property to shareholders. I.R.C. § 291 is an exception to the non-recognition rule and requires the corporation to recognize an income gain that would be applicable to a sale other than one in the course of a dissolution.
The judge next concluded that the property in issue is I.R.C. § 1250 property because it is real property. This was not dispositive, however, because I.R.C. § 291 results in a classification of gain as ordinary income and requires the taxpayer to calculate the gain as if the property was I.R.C. § 1245 property.
Judge Pizzuto explained that the gain should be computed under I.R.C. § 291(a)(1)(A) by: (1) determining the amount which would be treated as ordinary income if the property was I.R.C. § 1245 property (¿a, the full amount of depreciation recovered on the amount of the sale of property over the amount treated as ordinary income under I.R.C. § 1250); (2) determining the amount *126 under I.R.C. § 291(a)(1)(B) (this amount would be zero despite its status as § 1250 property because there is no additional depreciation and no ordinary income under I.R.C. § 1250). The judge concluded that the amount under I.R.C. § 291(a)(1)(B) would be zero, and the amount under I.R.C. § 291(a)(1)(A) should be computed “by simply applying the rules specified in section 1245 without regard to whether or not the given property is or is not section 1245 property.” He found that there may be some property which is subject to I.R.C. § 1245 and some property which is subject to I.R.C. § 1250; however, the two sections do not apply simultaneously to the same property. I.R.C. § 291 calculates some I.R.C. § 1250 property as I.R.C. § 1245 property and requires the reclassification of all depreciation recovered as capital gain upon disposition of the property to ordinary income.
Applying this analysis to the present case, the judge concluded that the excess of I.R.C. § 291(a)(1)(A) over § 291(a)(1)(B) is the entire amount of the depreciation recovered on the sale ($44,000 taken in straight-line depreciation over ten years). I.R.C. § 291 then requires that 20% of that amount ($8,800) be treated as ordinary income under I.R.C. § 1250. He concluded that the Director acted properly by computing I.R.C. § 291 ordinary income for the disposition of the property, in applying the 9% corporation income tax, and in deducting the resulting $722 from the refund due.
Judge Pizzuto also relied on the official instructions distributed by the Internal Revenue Service for Form 4797, line 26(f), which states:
The amount treated as ordinary income under section 291 is 20% of the excess, if any, of the amount which would be treated as ordinary income if such property were section 1245 property, over the amount treated as ordinary income under section 1250. If you used the straight line method of depreciation, the ordinary income under section 291 is 10% of the amount figured under section 1245.
Finally, the judge indicated that even if an ambiguity exists in the interpretation of I.R.C. § 291, deference must be given to the interpretation of the Internal Revenue Service, the agency charged with its administration.
*127 III
On this appeal, Nine Franklin contends that (1) no portion of the depreciation should be included in net income because (a) I.R.C. § 291 does not cause it to recognize income for federal income tax purposes and (b) New Jersey did not incorporate I.R.C. § 291 into the C.B.T. Act; and (2) even if the Tax Court correctly interpreted I.R.C. § 291, defendant erroneously overstated Nine Franklin’s tax liability by including pre-1962 depreciation.
IV
A. Does I.R.C. § 291(a)(1)(A) cause plaintiff to recognize income for federal income tax purposes?
The C.B.T. Act taxes corporations doing business in this State. N.J.S.A 54:10A-5. The C.B.T. Act uses a three-factor allocation formula, which compares the ratio of New Jersey property, payroll and sales to their entire net amounts. F.W. Woolworth Co. v. Director, Div. of Taxation,, 45 N.J. 466, 213 A.2d 1 (1965). This reflects the relationship between a corporation’s business activity in New Jersey and all other business activity. Tamko Asphalt Products Inc. v. Director, Div. of Taxation, 5 N.J.Tax 446, 458 (1983). The C.B.T. Act uses a base of “entire net income,” and defines it as the “total net income from all sources” that the taxpayer is required to report for federal income-tax purposes, with certain exceptions. N.J.S.A 54:10A-4(k); Allied-Signal Inc. v. Director, Div. of Taxation, 504 U.S. -, -, 112 S.Ct. 2251, 2256, 119 L.Ed.2d 533, 543-44 (1992).
I.R.C. § 291, the provision in question on this appeal, was enacted by Congress as a “depreciation recapture” device to eliminate certain business tax preferences for corporations. Under the Internal Revenue Code, distribution of property to corporate shareholders results in the recognition of income gain to the shareholder but not the corporation. I.R.C. § 337. I.R.C. § 291, however, is an exception to this rule, and places tax liability on a corporation which disposes of depreciated property which exceeds *128 its adjusted basis. In such a situation, a portion of the depreciation is converted into ordinary, taxable income.
Specifically, I.R.C. § 291 states in pertinent part:
§ 291. Special rules relating to corporate preference items
(a) Reduction in certain preference items, etc.—For purpose of this subtitle, in the case of a corporation—
(1) Section 1250 capital gain treatment.—In the case of section 1250 property which is disposed of during the taxable year, 20 percent of the excess (if any) of—
(A) the amount which would be treated as ordinary income if such property was section 1215 property, over
(B) tile amount treated as ordinary income under section 1250 (determined without regard to this paragraph),
shall be treated as gain which is ordinary income under section 1250 and shall be recognized notwithstanding any other provision of this title. [Emphasis added].
This section references two other recapture provisions—I.R.C. § Í245 and I.R.C. § 1250. I.R.C. § 1250 property is defined as “any real property ... which is or has been property of a character subject to the allowance for depreciation provided in § 167.” I.R.C. § 1250(c). Upon the sale of depreciable real property, a taxpayer must recognize gain as ordinary income to the extent there is “additional”[1] or “excess” depreciation computed under § 1250. I.R.C. § 1250. I.R.C. § 1245 property consists of depreciable personal property and specifically excludes buildings and other structural components. I.R.C. § 1245(a)(3).
The disputed property, without contest, is I.R.C. § 1250 property. The parties also agree that Nine Franklin fully depreciated the property over a ten-year period using the straight-line method. Therefore, the amount treated as ordinary income under I.R.C. § 1250 and I.R.C. § 291(a)(1)(B) is $0. The dispute, however, centers on the computation under I.R.C. § 291(a)(1)(A).
*129 Nine Franklin contends that I.R.C. § 291(a)(1)(A) refers to property “which on the whole is classified as ‘I.R.C. § 1250 property’ but which has some components that, if viewed separately, ordinarily would be characterized as I.R.C. § 1245 property.” This interpretation suggests that I.R.C. § 291(a)(1)(A) applies to § 1250 property when a portion of the property is also § 1245 property. Nine Franklin argues that no portion of plaintiffs building, when viewed separately, constitutes § 1245 property and, therefore, the amount computed under § 291(a)(1)(A) would be $0. Nine Franklin cites no case law to support this interpretation, relying on a treasury regulation interpreting I.R.C. § 1250 and a revenue ruling analyzing I.R.C. § 38.
The Director rejected this interpretation and urges us to treat the depreciation taken on the property as I.R.C. § 1245 property and calculate the gain under I.R.C. § 291(a)(1)(A). The Director supports his interpretation through the plain language of I.R.C. § 291, the Internal Revenue Service’s instructions, and the legislative history and the policy considerations supporting I.R.C. § 291.
In construing tax legislation, words must be given their ordinary and primary meaning; they should not be extended beyond their clear import. In re Jamesburg High School Closing, 83 N.J. 540, 547, 416 A.2d 896 (1980); International Business Mach. Corp. v. State, 141 N.J.Super. 79, 84, 357 A.2d 292 (App. Div.1976). When interpretation of a tax statute is in doubt, the court should construe the statute in favor of the taxpayer if there is no pertinent legislative history to guide the interpretation. Fedders Fin. Corp. v. Director, Div. of Taxation, 96 N.J. 376, 384-85, 476 A.2d 741 (1984).
The text of I.R.C. § 291(a)(1)(A) states: “The amount which would be treated as ordinary income if such property was section 1245 property.” Applying the principles of statutory construction, the plain language of the text indicates that the property must only be treated as I.R.C. § 1245 property. The use of the phase “if such property was section 1245 property” does not *130 impose a requirement that the properly actually be I.R.C. § 1245 property.
As the Director correctly notes, Internal Revenue Service Form 4797[2] and its instructions for filing also support the Division’s interpretation. Specifically, Lines 26a-26g on the Form are used when reporting dispositions of depreciable real property under I.R.C. § 1250. Line 26f refers to corporations subject to the corporate tax preference rules of I.R.C. § 291, and its instructions provide:
Corporations subject to section 291.—The amount treated as ordinary income under section 291 is 20% of the excess, if any, of the amount which would be treated as ordinary income if such property were section 1245 property, over the amount treated as ordinary income under section 1250. If you used the straight line method of depreciation, the ordinary income under section 291 is 20% of the amount figured under section 1215.
The underlined part of the instruction is particularly applicable to the case before us, and indicates that if straight-line depreciation is taken on I.R.C. § 1250 property and there is no taxable ordinary income, I.R.C. § 291 still requires the taxpayer to calculate ordinary income as 20% of the amount under I.R.C. § 1245. In the present case, the taxpayer completely depreciated its real property using the straight-line method. Without the recapture provision of I.R.C. § 291, Nine Franklin would not have to recognize the gain from its sale of the property as taxable ordinary income.
The Director provides additional support for his interpretation: in the Corporation and Partnership Tax Return Guide ¶ 182 (Research Institute of America 1988), the discussion regarding line 26f on Form 4797 states:
For corporations only, in addition to the amounts recaptured under the above rules, 20% of the amount by which the gain that would be recaptured under the Sec. 1245 rules (if those rules had applied) exceeds the gain that is recaptured under the Sec. 1250 recapture rules, will also be recaptured as ordinary income. Ud, at 54],
*131 Finally, the Director’s position is supported by Robert W. Woods, Taxation of Corporate Liquidations, A Complete Planning Guide ¶ 3.0535 (1987):
notwithstanding the general principle that Sec. 1250 recapture extends only to the excess depredation claimed over straight line (see discussion in 1[ 3.053 above), 20% of the depreciation recapture that would apply if the property were Sec. 1245 property will be recaptured as ordinary income.
Stated differently still, Sec. 291(a) provides that for dispositions of Sec. 1250 property, one-fifth (20%) of the advantage that Sec. 1250 property enjoys over See. 1245 property will be lost.
We conclude I.R.C. § 291 was properly applied to Nine Franklin’s I.R.C. § 1250 property.
B. Does I.R.C. § 291 apply to the C.B.T. Act?
Nine Franklin contends that we should adopt its position even if we find that I.R.C. § 291 would cause it to recognize gain for federal income tax purposes. It claims that the C.B.T. Act has not adopted federal depreciation provisions, including I.R.C. § 291. The Director, in contrast, argues that Nine Franklin fundamentally misconstrues the scheme of the C.B.T. Act and that the Tax Court properly found I.R.C. § 291 applicable.
Nine Franklin suggests that the C.B.T. Act and the regulations implementing the Act are designed to keep the post-1980 federal depreciation provisions outside the framework of our State’s taxation scheme. It contends that “the legislative intent has been to ‘uncouple’ New Jersey’s depreciation methods from the post-1980 federal depreciation scheme.” [3] According to Nine Franklin, the Tax Court erroneously engrafted the federal depreciation recapture rule of I.R.C. § 291, enacted in 1982, onto New Jersey’s computation of entire net income.
*132 The C.B.T. Act imposes a franchise tax on that portion of a taxpayer’s “entire net income” which is allocated to New Jersey. N.J.SA 54:10A-5(c). Federal taxable income is used as the starting point in determining the net income base; thus, a taxpayer’s entire net income is deemed prima facie to be equal in amount to the taxpayer’s federal taxable income with certain adjustments. N.J.S.A 54:10A-4(k); Amerada Hess Corp. v. Director, Div. of Taxation, 490 U.S. 66, 71, 109 S.Ct. 1617, 1620, 104 L.Ed.2d 58, 65 (1989). Nine Franklin contends that under the C.B.T. Act a taxpayer is allowed to take a depreciation deduction using any depreciation method that was in effect under the Code on December 31, 1980.
Nine Franklin advances several reasons why the C.B.T. Act rejects I.R.C. § 291. First, it alleges that the legislative history accompanying the amendment of N.J.S.A 54:10A-4(k) in 1982 indicates that “New Jersey deductions for depreciation would be uncoupled from federal depreciation allowances based upon the Accelerated Cost Recovery System (ACRS) beginning with tax years commencing in 1982.”
Second, it contends the federal depreciation recapture provisions are largely irrelevant to the C.B.T. Act. Specifically, Nine Franklin alleges that the C.B.T. Act provisions serve to recharacterize capital gain as ordinary income, which they maintain is critical because capital gains have been historically taxed at lower rates than ordinary income. This recharacterization, however, is meaningless because the C.B.T. Act is imposed at a flat rate regardless of whether the income is capital gain income or ordinary income.
Finally, Nine Franklin urges that New Jersey has taken affirmative steps to disregard federal depreciation provisions adopted after 1980, including I.R.C. § 291 which was enacted in 1982, and to leave in place the pre-1980 depreciation structure.
The Director claims that Nine Franklin misperceives the scheme of the C.B.T. Act. Acknowledging that the C.B.T. Act nullifies the ACRS because it would have decreased tax revenues, he contends that I.R.C. § 291 serves to increase the amount of *133 revenues under the C.B.T. Act. Therefore, no reason existed for the Legislature to try to uncouple I.R.C. § 291 from the C.B.T. Act. The Director also attacks Nine Franklin’s argument on the ground that it undermines the premise that a taxpayer’s net income is equal to the taxpayer’s federal taxable income. According to the Director, the C.B.T. Act includes all federal taxable income under the Code unless the Legislature specifically enacts legislation nullifying the federal provisions. Since this has not been explicitly done for I.R.C. § 291, the income should be included in federal taxable income for C.B.T. purposes. By following Nine Franklin’s theory, a taxpayer could pick and choose which federal provisions it deems inapplicable to the C.B.T. Act. We affirm the Tax Court finding that there is no good reason to exclude I.R.C. § 291 from C.B.T. depreciation analysis and no language in the C.B.T. Act suggesting exclusion of the federal recapture provisions from the Division’s assessment consideration.
V
Nine Franklin next contends that even if the Tax Court is upheld in applying I.R.C. § 291, the Director improperly included pre-1962 depreciation which is not recaptured by I.R.C. § 291. As a result, Nine Franklin’s tax liability was over-stated. The Director challenges this claim, especially since it is raised for the first time on this appeal.
Nine Franklin correctly notes that I.R.C. §§ 291 and 1245 only recapture depreciation taken in periods ending after December 31, 1961. The legislative history of I.R.C. § 1245 explicitly acknowledges the prospective nature of I.R.C. § 1245.[4] The Conference Committee Report confirms this interpretation:
The bill as passed by both the House and Senate adds a new section 1245 to the code. In general, the new section provides for the treatment as ordinary income of the gain from the disposition of certain depreciable property to the extent of *134 depreciation deductions (taken in periods specified, in the bill) which are reflected in the adjusted basis of the property.
Under the bill as passed by the House, the new section 1245 applied to property disposed of after the date of the enactment of the bill and to the extent of adjustments for depreciation and certain amortization for taxable years beginning after December 31, 1961. Under Senate amendment No. 128, the new section applies to property disposed of during a taxable year beginning after December 81, 1962. Under Senate amendments Nos. 129, 130, and 181, the adjustments taken into account are those attributable to periods after December 31, 1961. The House recedes. (Emphasis added). H.Rep. No. 1508, 87th Cong., 2d. Sess. (1962).
As revealed on the following table, plaintiff depreciated its real property as follows:
Period Depreciation Taken
9/1/60 to 8/31/61 $ 4,400
9/1/61 to 8/31/62 $ 4,400
9/1/62 to 8/31/63 $ 4,400
9/1/63 to 8/31/64 $ 4,400
9/1/65 to 8/31/66 $ 4,400
9/1/66 to 8/31/67 $ 4,400
9/1/67 to 8/31/68 $ 4,400
9/1/68 to 8/31/69 $ 4,400
9/1/69 to 8/31/70 $ 4,400
Total $44,000
Nine Franklin is correct that the entire $44,000 of depreciation taken for the taxable year ended August 31,1961 falls outside the scope of I.R.C. § 1245, as does the depreciation taken for September through December 1961. ($4,400 x 4 -*• 12 = $1,467). As a result, $5,867 of depreciation taken prior to the effective date of I.R.C. § 1245 is not be subject to recapture.
Since I.R.C. § 291(a)(1) requires the recapture of depreciation as if real property were I.R.C. § 1245 property, I.R.C. § 291 must incorporate the same effective dates as I.R.C. § 1245. The $5,867 of pre-1962 depreciation is exempt from the recapture provision of I.R.C. § 291.
*135 This error was not brought to the attention of the Director or the Tax Court. This court generally declines to consider issues not properly presented to the trial court when there was an opportunity to do so, unless the issue goes to the jurisdiction of the trial court or involves great public interest. Saul v. Midlantic Nat. Bank/South, 240 N.J.Super. 62, 572 A.2d 650 (App.Div.), certif. denied, 122 N.J. 319, 585 A.2d 338 (1990). The Director contends that this issue concerns neither the jurisdiction of the Tax Court nor a question of great public importance. He urges that Nine Franklin be precluded from raising this issue on appeal.
Nevertheless, B. 2:10-5 permits us to exercise such original jurisdiction as necessary to complete the determination of any matter on review. We modify the Director’s computation by excluding all pre-1962 depreciation from the calculation in the interest of justice and accuracy.
The refund withheld should be recalculated to exclude pre-1962 depreciation, i.e.,
$ 44,000 depreciation taken
- 5,867 excluded depreciation
$ 38,133 revised depreciation
x .20 20% ordinary income (I.R.C. § 291)
$ 7,627
x .09
$ 686 withheld from refund
Affirmed, as modified.

I.R.C. § 1250(b) defines "additional depreciation” as "the difference between the amount actually deducted ... by an accelerated depreciation method and the amount that would have been deducted under the straight line method____" Federal Tax Handbook, 111613 (Prentice-Hall 1990).

 The Attorney General notes in his brief that "Form 4797 is generally used to report gains on the federal level from various types of sales related tó business property.”

 The briefs note that in 1980 Congress adopted depreciation methods allowing taxpayers to take accelerated depreciation deductions (known as the Accelerated Cost Recovery System (ACRS)). In 1982 our Legislature “uncoupled” the C.B.T. Act from the federal ACRS provisions, since accelerated depreciation deductions would have resulted in lower tax revenues for New Jersey during the first years. Thus, for purposes of the C.B.T. Act, the ACRS provisions are nullified. L. 1982, a 50.

 See S.Rep. No. 1881, 87th Cong., 2d.Sess. (Pa 36).