PER CURIAM.
This appeal concerns whether an entity that elects to be taxed as a real estate investment trust is entitled to deduct the dividends *207 it pays its shareholders from its calculated taxable income. While admitting that the deduction is allowed under federal income tax principles, the Director of the Division of Taxation asserts it is not allowed under the New Jersey Corporation Business Tax Act.
The Director denied plaintiffs claims for refunds of taxes paid under the Corporation Business Tax Act (CBT) for three years and assessed additional taxes for another two tax years. Additionally the Director assessed a penalty of $537,327. The Tax Court reversed the Director, granting summary judgment to plaintiff in which a refund was ordered and the additional assessment and the penalty were overruled and disallowed. Essentially the Tax Court held that the Director incorrectly calculated plaintiffs taxable income, plaintiff being a real estate investment trust (REIT), by including the federal income tax deduction allowed a REIT for dividends paid to its shareholders in arriving at plaintiffs “entire net income” under N.J.S.A. 54:10A-4(k). On appeal the Director contends plaintiffs “taxable income” under the Internal Revenue Code is not equivalent to its “real estate investment trust taxable income” under the Code. Moreover, the Director claims that if those two concepts are equivalent, the “dividends paid deduction” under the Internal Revenue Code is a “special deduction” that should be added back m computing entire net income under N.J.S.A 54:10A-4(k). We affirm the Tax Court, essentially for the reasons expressed by Judge Crabtree in his written opinion of April 20, 1994.
Preliminarily, we cannot ascertain any indication in the CBT that the Legislature intended to penalize REITs or to discourage them from operating in this state. The basic attraction of a REIT is the pass-through of gains and losses to the shareholders to have them pay the appropriate taxes.
In general, a REIT is an entity that receives most of its income from passive real estate related investments and receives conduit treatment for income that is distributed to its shareholders. If an entity meets the qualifications for REIT status, a portion of its income generally is taxed to the investors without being subject to tax at the REIT level. The REIT is subject to a corporate level tax only on the income that it retains and on certain income from property that qualifies as foreclosure property. Thus, the Code provisions dealing with REITs require that *208 substantially all of the income must be passed through to its shareholders on a current basis.
The conduit effect, taxed at the shareholder level rather than the corporate level, is achieved through the mechanism of the dividends paid deduction. A REIT, in computing its real estate investment trust taxable income, reduces that amount by deduction for dividends paid thereby allowing the REIT to distribute untaxed ordinary income and capital gains to its shareholders. Further, to qualify for taxation as a REIT an organization must distribute as dividends for the tocable year, as defined in Section 561 but determined without regard to capital gains dividends, at least the sum of 95% of the real estate investment trust taxable income for the taxable year.
[10 J. Mertens, Law of Federal Income Taxation § 41A.42 at 84-85 (1988) (footnotes omitted).]
N.J.S.A 54:10A-5(d) generally provides that the tax to be paid by a REIT that has elected to report as such is calculated on its “entire net income.” Under the CBT,[1] “the amount of a taxpayer’s entire net income shall be deemed prima facie to be equal in amount to the taxable income, before net operating loss deduction and special deductions, which the taxpayer is required to report to the United States Treasury Department for the purpose of computing its federal income tax[.]” The Internal Revenue Code is intended to be controlling in determining taxable income under N.J.S.A 54:10A-4(k). See International Flavors v. Director, Div. of Taxation, 5 N.J.Tax 617, 624 (Tax 1988), aff'd, 7 N.J.Tax 652 (App.Div.1984), aff'd 102 N.J. 210, 507 A.2d 700 (1986). Both plaintiff and the Director agree the quoted reference is to I.R.C. § 63. I.R.C. § 63(a) defines taxable income to mean “gross income minus the deductions allowed by [Chapter One of the Internal Revenue Code ] (other than the standard deduction).” Chapter One includes §§ 1 through 1399 inclusive; § 857(b)(2)(B) authorizes a REIT to deduct dividends paid to its investors. The director challenges the use of this deduction under N.J.S.A. 54:10A-4(k), seeking to distinguish it because I.R.C. § 857(b)(2) uses the term “real estate investment trust taxable income.” The tax court judge rejected this purported distinction based on Dreyjus Special Income Fund, Inc. v. New York State Tax Comm’n, 126 A.D.2d 368, 514 N.Y.S.2d 130 (1987), aff'd, 72 N.Y.2d 874, 532 N.Y.S.2d 356, 528 N.E.2d 509 (1988). We agree with that analysis *209 as expressed by Judge Crabtree. While the Internal Revenue Code uses that phrase, it is only meaningful for purposes of calculating additional taxes and penalties when a REIT fails to distribute the requisite amount of its income. See I.R.C. § 857(b)(5).
We also agree with Judge Crabtree that the federal dividends paid deduction is not a “special deduction” to be added back to federal taxable income for purposes of the CBT. The term “special deduction” is defined in I.R.C. §§ 241 through 249, and it does not include the dividends paid deduction authorized by I.R.C. § 857(b)(2)(B). The same meaning should be given that term in the CBT as in the Internal Revenue Code. Moreover, I.R.C. § 857(b)(2)(A) denies any deduction from taxable income for “special deductions” for a REIT.
We reject the Director’s position that the Legislature is presumed to be aware of and accepting of an unpublished opinion of this court from 1974 when it amended the CBT in 1989.
Accordingly, the order in plaintiffs favor is affirmed, essentially for the reasons expressed by Judge Crabtree in his written opinion of April 20, 1994.
Affirmed.

 N.J.S.A. 54:10A-4(k).